# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, <br><br> Plaintiff, <br><br> vs. <br><br> (1) ELITE SERVICE COMPANY, INC., an Oklahoma corporation, <br> (2) JOHN JAMES CONSTRUCTION COMPANY, an Oklahoma corporation, <br> (3) WILLIAM SOLOMON, an Oklahoma resident; <br> (4) CHRISTY SOLOMON, an Oklahoma resident, <br> (5) JOHN ROBINSON, an Oklahoma resident, and <br> (6) GINA ROBINSON, an Oklahoma resident, <br><br> Defendants. | Case No. 18-cv-00535-TCK-JFJ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Philadelphia Insurance Company ("Philadelphia"), and for its Complaint for Declaratory Judgment against Elite Service Company, Inc., John James Construction Company, William Solomon, Christy Solomon, John Robinson, and Gina Robinson (collectively "the Defendants"), alleges and states as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Philadelphia is a corporation formed and existing under the laws of the State of Pennsylvania, having its principal place of business within that state, and it is authorized to conduct the business of insurance in the State of Oklahoma.

2.     Defendants Elite Service Company ("Elite") and John James Construction Company ("JJCC") are corporations formed and existing under the laws of the State of Oklahoma.

3.     William and Christy Solomon (collectively "the Solomons") are citizens of the state of Oklahoma.

4.     John Robinson and Gina Robinson (collectively "the Robinsons") are citizens of the State of Oklahoma.

5.     As more particularly described below, the amount in controversy in this litigation exceeds the sum of $75,000.00, exclusive of interest and costs.

6.     This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 2201.

7.     This action concerns a policy of insurance issued by Plaintiff Philadelphia insuring a certain dwelling located within Rogers County, Oklahoma.

8.     The incidents out of which this dispute arises occurred within the territorial district of this Court, and the defendants either reside, or have a principal place of business, in this Court's territory.

9.     Venue is proper with this Court under 28 U.S.C. § 1391.

## BACKGROUND

10.    Philadelphia issued a policy PHSD576397 to Elite, effective from 12 January 2011 to 12 January 2012.

11.    On 1 December 2017, Elite was named as a third-party defendant in a third-party petition filed by JJCC in *Solomon, et al. v. Robinson, et al.*, CJ-2016-4640, pending the district court for Tulsa County, Oklahoma (the "Third-Party Petition").

12. In *Solomon, et al. v. Robinson, et al.*, CJ-2016-4640, the Solomons sued JJCC and the Robinsons for breach of contract, fraud, and breach of warranties.

13. The Solomons seek damages from JCC and the Robinsons in excess of $75,000.00.

14. JJCC and the Robinsons deny the Solomons' allegations.

15. The Third-Party Petition alleges in pertinent part that Elite performed certain construction activities at the Robinsons' home at the request of JJCC, specifically the heating and air conditioning work the Robinsons allege was defective. *Third-Party Petition* at p. 4, ¶ 18.

16. The Third-Party Plaintiff seeks indemnity, and reimbursement "under the law of quasi contract," from Elite for the claims made by the Solomons against JJCC. *Id.* at pp. 4-5, ¶¶ 20-21.

17. JJCC seeks reimbursement from Elite for any damages JJCC is required to pay to the Solomons in the lawsuit.

18. Elite made a claim under the Policy on or about 20 December 2017 for the request for damages set forth in the Third-Party Petition.

19. Philadelphia issued to Elite a reservation of rights on or about 8 March 2018 regarding the claim.

20. Another insurance carrier tendered a defense against the Third-Party Petition to Elite.

21. Elite filed an answer to the Third-Party Petition in which it denies JJCC's claims and specifically denies any wrongdoing, liability, defective work or causing any damages to the Robinsons' home.

22. The *Solomon* litigation remains ongoing as of the date of this filing.

## PERTINENT POLICY TERMS

23. A true and correct copy of the Policy is attached hereto as "Exhibit 1."

24. The portion of the Policy that provides for property coverage states in pertinent part: "[w]e [Philadelphia] will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any covered Cause of Loss." *Policy* at p. 1, § A (Property Coverage).

25. The common policy declarations and the supplemental declarations contained in the Policy show the insured premises as "1007 E. 59th St., Tulsa, OK 74146-6455[.]" *Policy* at Location Schedule, p. 1; *id.* at Businessowners Supp. Declarations.

26. The portion of the Policy that provides for business liability coverage states in pertinent part: "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because . . . '[p]roperty damage' . . . to which this insurance applies." *Policy* at p. 1, § A(1)(a) (Businessowners Liability Coverage).

27. It further states "this insurance applies to . . . 'property damage' only if" the "'property damage' is cause by an 'occurrence' . . .." *Id.* at § A(b)(1)(a).

28. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at § F(12) (definitions).

29. The Policy defines "property damage" as the "physical injury to tangible property, including all resulting loss of use of that property[,]" or "[l]oss of use of tangible property that is not physically injured." *Id.* at § F(15).

30. The business liability portion of the policy excludes from liability coverage "property damage" "for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." *Id.* at § B(1)(b).

31. The Policy also excludes from business liability coverage "property damage" "due to the rendering or failure to render any professional service . . .." *Id.* at § B(1)(j).

32. The Policy excludes from business liability coverage "property damage" to: "[t]hat particular part of real property on which you or any contractor or subcontractor . . . . is performing operations, if the 'property damage' arises out of those operations;" or "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed." *Id.* at § B(1)(k)(5), (6); *see id.* at § F(19) (defining "your work").

33. The Policy excludes from business liability coverage "property damage" "to 'your product' arising out of it or any part of it", *id.* at § B(1)(l), or "to 'your work' arising out of it or any part of it and included in the "products-completed operations hazard'." *Id.* at § B(1)(m), *as modified by Endorsement* PI-BP-009(05/10); *see Policy* at § F(14) (defining "products-completed operations hazard"), (18) (defining "your product").

34. The Policy also excludes from business liability coverage "property damage" to: " 'impaired property' or property that has not been physically injured, arising out of . . . [a] defect, deficiency inadequacy or dangerous condition in 'your product' or 'your work' . . . [a] delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms." *Id.* at § B(1)(n).

35. Further, to the extent claims are premised upon a contractual obligation, such is excluded from business liability coverage under the Policy provided any such a contract does not constitute an "insured contract" as defined by the policy. *See Policy* at § F(8) (defining "insured contract").

36. The portion of the Policy providing for professional liability coverage only provides coverage on a "claims made" basis. *Policy* at PI-PLSP-002(08/07), § (I)(A).

37. The portion of the Policy providing for professional liability coverage defines "claim" as "a demand received by you for money or services, including the service of suit or institution of arbitration proceedings involving you arising from any alleged wrongful act." *Policy* at PI-PLSP-002(08/07), § II(B) (bold omitted).

38. "Wrongful Act" is defined as "a negligent act, error, or omission committed or alleged to have been committed by your or any person for whom you are legally responsible in the rendering of professional services." *Id.* at § II(P) (same).

39. "Professional Services" is defined as "services rendered to others for a fee solely in the conduct of your profession as stated in Item 9. of the Declarations." *Id.* at § II(K) (same).

40. The Declarations show the Insured's profession as "Energy Consultant Professional." *Id.* at PI-PLSP-001(08/07), p. 2.

41. The portion of the Policy providing for professional liability coverage excludes from coverage claims for "property damage," *Policy* at PI-PLSP-002(08/07), § III(B), which is defined as the "physical injury to tangible property, including all resulting loss of use of such property or loss of use of tangible property that is not physically injured." *Id.* at § II(L).

42. Also excluded from professional liability coverage is any claim "arising out of any costs of corrections . . . or other matters which may be deemed uninsurable under the law pursuant to which this policy may be Construed." *Id.* at § III(C).

43. Excluded from professional liability coverage are claims "arising out of, resulting from, based upon or in consequence of, directly or indirectly, any failure to effect or maintain any insurance or bond." *Id.* at § III(E).

44. Similarly, excluded from professional liability coverage are claims "arising out of, resulting from, based upon or in consequence of, directly or indirectly, any express warranties or guarantees or any liability you assume under contract unless you would have been legally liable in the absence of such contract." *Id.* at § III(H).

## REQUEST FOR DECLARATORY RELIEF

45. The policy terms demonstrate no coverage exists for the claims made in the Third-Party Petition, and, to the extent coverage does exist, the claims are expressly excluded by the Policy.

46. By reason of the claims made against Philadelphia, and the resulting demand under the Policy, a controversy exists between Philadelphia and Elite, as named insured under the Policy, as to whether Philadelphia is obligated under the Policy to defend or indemnify Elite from the claims made against it by JJCC.

47. A controversy exists between Philadelphia and the Solomons insofar as they have or may assert some entitlement to proceeds of the Policy in the event they obtain a recovery upon their claims.

48.     A controversy exists between Philadelphia and the Robinsons and JJCC insofar as they have or may assert some entitlement to the proceeds of the Policy in the event they obtain a recovery upon their claims against Elite.

WHEREFORE, premises considered, Philadelphia requests this Court enter the following relief in its favor:

A.     Judgment declaring that the Policy issued by Philadelphia to Elite affords no coverage for the claims asserted by JJCC against Elite;

B.     Judgment declaring that Philadelphia does not owe a duty under the Policy to indemnify Elite for any sums that JJCC may recover against Elite;

C.     Judgment declaring that Philadelphia owed no duty under the Policy to defend Elite against the claims asserted against it by JJCC the in the Third-Party Petition; and

D.     An Order granting Philadelphia any other relief in its favor this Court deems just, equitable or necessary.

Respectfully submitted,

*/s/ Sarah J. Timberlake*
Sarah S. Timberlake, OBA # 7532
Jason T. Seay, OBA # 22007
DOERNER, SAUNDERS,
    DANIEL & ANDERSON, LLP
105 North Hudson Avenue, Suite 1000
Oklahoma City, Oklahoma  73102-4802
405/319.3500
405/319.3509 – Facsimile
stimberlake@dsda.com
jseay@dsda.com

**ATTORNEYS FOR THE PLAINTIFF PHILADELPHIA INSURANCE COMPANY**